IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hesham Alkhulaqi | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | Judge: |
| | ) | Magistrate Judge: |
| Madison County, Illinois and John Does 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | JURY DEMAND |

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**

**INTRODUCTION**

1. This civil rights action brought pursuant to 42 U.S.C. § 1983 seeks redress for the systematic harassment and unlawful seizure of legal hemp products from Plaintiff Hesham Alkhulaqia hardworking small business owner who operates a federally compliant hemp distribution business serving retail stores across multiple states.

2. Despite operating his business in full compliance with the 2018 Agriculture Improvement Act ("Farm Bill") and maintaining proper documentation from American distributors, Plaintiff has been subjected to repeated traffic stops, prolonged searches, and the unlawful confiscation of his legal hemp inventory, threatening his livelihood and his ability to support his family.

3. This action seeks compensatory and punitive damages for violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights, along with injunctive relief requiring the return of unlawfully seized property and protection of Plaintiff's right to conduct his legitimate hemp distribution business.

## **JURISDICTION AND VENUE**

4. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), as this action arises under the U.S. Constitution and laws of the United States.

5. The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because the constitutional violations occurred in Madison County, Illinois, and Plaintiff regularly conducts business in this district.

## PARTIES

7. Plaintiff Hesham Alkhulaqi is a lawful hemp distributor who operates a legitimate business purchasing hemp products wholesale from American distributors and supplying them to retail stores throughout the Midwest.

8. Defendants Does 1-10 are law enforcement officers from Madison County Sheriff's Department and Illinois State Police whose identities are currently unknown to Plaintiff but who participated in the unlawful stops and seizures described herein.

9. These defendants are sued in their individual capacities.

10. Defendant Madison County, Illinois is a governmental entity responsible for the training, supervision, and policies governing the law enforcement officers who violated Plaintiff's constitutional rights.

## FACTUAL ALLEGATIONS

### Legal Framework for Hemp Product

11. The 2018 Agriculture Improvement Act ("Farm Bill") legalized hemp and hemp-derived products containing no more than 0.3% delta-9 tetrahydrocannabinol (THC) on a dry weight basis, effective January 1, 2019

12. The Farm Bill's definition of legal hemp includes "all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers" derived from compliant cannabis plants, including Delta-8 and other hemp-derived cannabinoid products.

13. Illinois has adopted corresponding legislation recognizing the federal definition of legal hemp and protecting lawful possession and distribution of compliant products.

### Plaintiff's Legitimate Hemp Distribution Business

14. Plaintiff Hesham Alkhulaqi operates a legitimate hemp distribution business, purchasing products wholesale from licensed American distributors and supplying retail stores throughout Illinois, Missouri, and surrounding states.

15. Mr. Mr. Alkhulaq conducts his business with meticulous attention to legal compliance, maintaining invoices, certificates of analysis (COAs), and proper documentation for every product he transports and distributes.

16. His typical inventory includes Delta-8 products (disposables, cartridges, gummies, and flower), Kratom products, and smoking accessories, all purchased from mainstream American distributors and accompanied by proper documentation showing compliance with federal hemp laws.

17. Mr. Alkhulaqi uses his vehicle to transport his products between his suppliers and the retail stores he serves, often traveling the route between St. Louis, Missouri and Chicago, Illinois on Highway 55.

18. This hemp distribution business provides Mr. Alkhulaqi's livelihood and supports his family, including his minor son who sometimes accompanies him on business trips.

### **Pattern of Harassment: The First Unlawful Stop - July 11**

19. On July 11, 2024, while driving his vehicle from St. Louis to Chicago with his hemp inventory, Mr. Alkhulaqi was pulled over by law enforcement officers on Highway 55 in Madison County, Illinois.

20. Officers conducted an extensive search of Mr. Alkhulaqi's vehicle, brought in drug detection dogs, and discovered his legal hemp products including Delta-8 flower and other hemp-derived products.

21. Mr. Alkhulaq immediately provided officers with invoices and documentation from his American distributors, showing that every product in his possession was legally purchased and compliant with federal hemp laws.

22. After approximately one hour of searching and reviewing his documentation, officers acknowledged the legality of his products and allowed him to continue his business operations without seizing any merchandise.

23. This incident, while ultimately resolved without seizure, established a troubling pattern of targeting Mr. Alkhulaqi's legitimate business operations.

**The Unlawful Seizure - July 15, 2024**

24. On July 15, 2024, just four days later, Mr. Alkhulaqi was again traveling on Highway 55 in Madison County, Illinois, this time driving from Chicago to Missouri with his vehicle loaded with hemp products for his retail customers.

25. Officers pulled Mr. Alkhulaqi over.

26. Officer Mr. Alkhulaqi handcuffed and placed him in a police vehicle while his minor son was removed from the vehicle and placed in a separate police car, traumatizing the child who witnessed his father being treated as a criminal for conducting legal business.

27. Officers brought drug detection dogs to the scene and claimed the dogs indicated the presence of narcotics.

28. Plaintiff repeatedly told officers he was carrying only legal hemp products and offered to show them his documentation, but officers proceeded with their extensive search regardless.

29. The search lasted approximately four hours, during which officers methodically went through every item in Plaintiff's business inventory.

30. Officers seized Plaintiff's entire inventory of Delta-8 products, including disposables, cartridges, gummies, and flower, as well as some Kratom products, representing a substantial portion of his business inventory and livelihood.

31. Despite Mr. Alkhulaqi's repeated attempts to show officers his invoices and documentation proving the products were legally purchased from American distributors with proper THC levels below 0.3%, officers dismissed this evidence and proceeded with the seizure.

32. Defendants used Nark II field tests on Plaintiff's hemp products despite knowing, or being deliberately indifferent to the fact, that Nark II tests cannot distinguish between legal hemp (containing less than 0.3% delta-9 THC) and illegal marijuana (containing more than 0.3% delta-9 THC).

33. Nark II field tests are qualitative chemical tests that can only detect the presence of THC compounds, but cannot and do not measure the concentration or percentage of delta-9 THC necessary to determine whether a cannabis product is legal hemp under the 2018 Farm Bill.

34. By 2024, it was widely known in law enforcement circles that Nark II and similar field tests cannot reliably distinguish legal hemp from illegal marijuana following the 2018 Farm Bill's legalization of hemp, yet Defendants continued to use these tests as justification for seizing Plaintiff's products.
 Defendants deployed drug detection dogs to search Plaintiff's vehicle despite knowing, or being deliberately indifferent to the fact, that drug dogs cannot distinguish between legal hemp flower and illegal marijuana based on scent alone.

35. Drug detection dogs alert to the presence of cannabis terpenes and cannabinoid compounds present in both legal hemp and illegal marijuana, making their alerts meaningless for establishing probable cause that someone possesses illegal rather than legal cannabis products.

36. Officers conducted only a Nark field test on one sample of flower from one company, found it allegedly tested above legal limits, and used this single test to justify seizing all Delta-8 products from multiple different companies and product categories.

37. This selective and unscientific approach ignored the fact that Mr. Alkhulaqi's documentation already established the legality of each specific product from each specific company in his inventory.

**Ongoing Harm and Business Destruction**

38. Officers continue to unlawfully retain Mr. Alkhulaqi's legal hemp inventory despite having promised to provide an inventory list within days of the incident.

39. The prolonged detention of his business inventory has caused severe financial hardship to Mr. Alkhulaqi who depends on this merchandise to serve his retail customers and support his family.

40. Mr. Alkhulaq has been unable to fulfill orders to his retail customers, damaging his business relationships and reputation in the hemp industry.

41. The unlawful seizure has effectively put Mr. Alkhulaq's legitimate hemp distribution business at risk of collapse, threatening his primary source of income and his ability to support his family.

42. Mr. Alkhulaq now lives in constant fear of conducting his lawful business operations, knowing that law enforcement may again target him, seize his legal inventory, and destroy his livelihood despite his full compliance with federal hemp laws.

43. The trauma of witnessing his father's arrest and prolonged detention has caused significant emotional distress to Mr. Alkhulaq minor son, who accompanied him on the business trip and saw his father treated as a criminal for possessing legal products.

**Impact on Plaintiff's Constitutional Rights and Livelihood**

44. Defendant John Does 1- 10   The unlawful seizure and ongoing retention of Mr. Alkhulaq's legal hemp inventory represents more than simple property theft—it constitutes an attack on his constitutional right to engage in lawful commerce protected by federal law.

45. As a small business owner operating in compliance with federal hemp regulations, Mr. Alkhulaq's has the right to transport his legal inventory without fear of arbitrary seizure by law enforcement officers who ignore proper documentation and due process.

46. The repeated targeting of Mr. Alkhulaq's business operations, despite his consistent compliance with federal law and maintenance of proper documentation, suggests a pattern of harassment designed to drive him out of the legal hemp business.

47. Mr. Alkhulaq's experience demonstrates the urgent need for injunctive relief to protect his ongoing business operations and prevent further constitutional violations by defendants who continue to treat legal hemp products as contraband despite clear federal law to the contrary.

48. Despite John Doe officers acknowledging the legality of Plaintiff's products on July 11, 2024, after reviewing his documentation and conducting a one-hour search, the same law enforcement agency stopped Plaintiff again just four days later on the same highway route.

49. The second stop resulted in a four-hour detention and seizure of Plaintiff's entire inventory, demonstrating an escalating pattern of harassment rather than any legitimate law enforcement purpose.

50. Plaintiff continues to operate his hemp distribution business along the same Highway 55 corridor between St. Louis and Chicago, requiring him to regularly travel through Madison County with legal hemp inventory.

51. The nature of Plaintiff's business—supplying retail stores throughout Illinois, Missouri, and surrounding states—necessitates ongoing transportation of hemp products through Madison County on a regular basis.

52. Defendants continue to unlawfully retain Plaintiff's legal business inventory since it was seized after seizure, demonstrating their ongoing refusal to recognize the lawful status of federally compliant hemp products.

53. Defendants' failure to return Plaintiff's legal inventory despite the passage of significant time indicates a deliberate policy or practice of treating legal hemp products as contraband, regardless of federal law or proper documentation.

54. Without injunctive relief, Plaintiff faces imminent risk of additional stops, searches, arrests, and seizures each time he travels through Madison County conducting his legitimate business operations.

55. Plaintiff has suffered irreparable harm through the destruction of his business relationships, loss of income, and inability to serve his retail customers, harm that continues daily while Defendants retain his inventory.

56. Monetary damages alone cannot adequately compensate Plaintiff for the ongoing threat to his livelihood, the chilling effect on his constitutional right to engage in lawful commerce, or the continued trauma of fearing arrest each time he conducts business in Madison County.

57. The specific and repeated nature of Defendants' targeting of Plaintiff's business—two stops within four days on the same route, involving the same type of legal products, with escalating severity—demonstrates that future violations are not merely possible but highly probable absent court intervention.
Madison County's failure to train officers on federal hemp laws, combined with their continued retention of legal inventory and lack of clear policies distinguishing legal hemp from contraband, creates systemic conditions ensuring future violations will occur.

58. Plaintiff cannot reasonably avoid Madison County while conducting his business, as Highway 55 through Madison County represents the primary route between St. Louis and Chicago, the two major markets his business serves.

59. Each future stop, search, or seizure will cause Plaintiff additional business losses, reputational harm, and emotional distress that cannot be adequately remedied through retrospective damages.

60. Defendants' demonstrated willingness to ignore federal hemp laws and proper documentation, even after acknowledging legality in the first stop, shows that voluntary cessation of unconstitutional conduct is unlikely without court-ordered injunctive relief.

**COUNT I – 42 U.S.C. § 1983**
**Fourth Amendment Violation – False Arrest**
**(Against Individual Defendants)**

61. Plaintiff incorporates each preceding paragraph as if fully restated herein.

62. Defendant John Does 1- 10 of Madison County Sheriff's Department violated the Fourth Amendment protects against unreasonable seizures of the person, including arrests without probable cause.

63. Defendant John Does 1- 10 of Madison County Sheriff's Department violated Plaintiff's clearly established Fourth Amendment rights by arresting him (placing him in handcuffs and detaining him in a police vehicle) without probable cause to believe he had committed any crime.

64. At the time of the arrest, Plaintiff was engaged in lawful transportation of federally legal hemp products and immediately offered to provide documentation proving their compliance with federal law.

65. No reasonable officer could have believed there was probable cause to arrest Plaintiff for possessing legal hemp products, particularly after his offer to provide documentation of their lawful status.

66. The arrest was objectively unreasonable and violated clearly established constitutional law.

**COUNT II – 42 U.S.C. § 1983**
**Fourth Amendment Violation – Excessive Force/Unreasonable Handcuffing**
**(Against Individual Defendants)**

67. Plaintiff incorporates each preceding paragraph as if fully restated herein.

68. The Fourth Amendment protects against the use of excessive force by law enforcement officers during seizures.

69. Defendant John Does 1-10 of Madison County Sheriff's Department violated Plaintiff's clearly established Fourth Amendment rights by using excessive force through prolonged handcuffing for approximately four hours under circumstances that did not justify such restraint.

70. The prolonged handcuffing for four hours, particularly after Plaintiff offered documentation proving his products' legality, was objectively unreasonable and constituted excessive force under the totality of circumstances.

71. The duration of the handcuffing, combined with the lack of justification once documentation was offered, rendered the force used disproportionate to any legitimate law enforcement interest.

**COUNT III – 42 U.S.C. § 1983**
**Fourth Amendment Violation – Unreasonable Search and Seizure**
**(Against Individual Defendants)**

72. Plaintiff incorporates each preceding paragraph as if fully restated herein.

73. The Fourth Amendment protects against unreasonable searches and seizures by government officials.

74. Defendant John Does 1-10 violated Plaintiff's clearly established Fourth Amendment rights by conducting a prolonged four-hour search and seizing legal hemp products without probable cause, particularly after Plaintiff offered documentation proving the products' compliance with federal law.

75. Once Plaintiff offered to provide documentation conclusively proving the products' legal status under federal hemp laws, no reasonable officer could have believed the continued search and seizure was justified.

76. The ongoing retention of Plaintiff's legal property for over 5 months constitutes a continuing Fourth Amendment violation.

77. Defendants' actions were objectively unreasonable and violated clearly established constitutional law protecting lawful commerce in federally legal hemp products.

### COUNT IV – 42 U.S.C. § 1983
**Fourteenth Amendment Violation – Deprivation of Property Without Due Process**
**(Against Individual Defendants)**

78. Plaintiff incorporates each preceding paragraph as if fully restated herein.

79. The Due Process Clause prohibits the deprivation of property without due process of law.

80. Defendant John Does 1-10 of Madison County Sheriff's Department deprived Plaintiff of his legal business inventory without affording him any meaningful process, despite his immediate offer to provide documentation of the products' lawful status.

81. The seizure was arbitrary and capricious, lacking any legitimate governmental purpose once Plaintiff's compliance with federal hemp laws was established through his documentation.

82. Plaintiff has been denied any meaningful opportunity to contest the seizure or recover his lawfully possessed business inventory, despite the passage of over six weeks since the incident.

### COUNT V – 42 U.S.C. § 1983
**Substantive Due Process Violation – Right to Economic Liberty**
**(Against Individual Defendants)**

83. Plaintiff incorporates each preceding paragraph as if fully restated herein.

84. Defendant John Does 1-10 of Madison County Sheriff's Department violated the Fourteenth Amendment protects Plaintiff's right to engage in lawful economic activity and operate a legitimate business.

85. Defendants' seizure of Plaintiff's legal hemp inventory constitutes an arbitrary interference with his fundamental right to earn a livelihood through lawful commerce protected by federal law.

86. The prolonged detention of his business inventory threatens to destroy his legitimate hemp distribution business and violates his substantive due process rights.

### COUNT VI – 42 U.S.C. § 1983
### Municipal Liability
### (Against Madison County, Illinois)

87. Plaintiff incorporates each preceding paragraph as if fully restated herein.

88. The constitutional violations described herein resulted from Madison County's policies, customs, or practices, including:

    a. Failure to properly train officers on federal hemp legalization laws

    b. Failure to establish clear policies regarding legal hemp products and business operations

    c. Inadequate supervision of officers' search and seizure practices

    d. Maintaining policies that treat legal hemp products as contraband despite federal law

89. These failures demonstrate deliberate indifference to citizens' constitutional rights and directly caused the violations of Plaintiff's rights to conduct lawful business.

### COUNT VII – State Law Claim
### Conversion
### (Against All Defendants)

90. Plaintiff incorporates each preceding paragraph as if fully restated herein.

91. Defendant John Does 1-10 of Madison County Sheriff's Department wrongfully and unlawfully converted Plaintiff's legal hemp business inventory to their own use by seizing and retaining it without legal justification for over 5 months.

92. Plaintiff is entitled to the immediate return of his property plus damages for its wrongful detention and the business losses caused thereby.

### COUNT VIII – State Law Claim
### False Imprisonment
### (Against Individual Defendants)

93. Plaintiff incorporates each preceding paragraph as if fully restated herein.

94. Defendant John Does 1- 10 of Madison County Sheriff's Department violated Plaintiff's freedom of movement by handcuffing him and confining him in a police vehicle without legal justification.

95. Plaintiff was imprisoned against his will for approximately four hours while officers conducted their unlawful search of his legal hemp products.

96. Defendants lacked probable cause or other legal authority to restrain Plaintiff's liberty, making his imprisonment unlawful under Illinois law.

### COUNT IX – State Law Claim
### Intentional Infliction of Emotional Distress
### (Against Individual Defendants)

97. Plaintiff incorporates each preceding paragraph as if fully restated herein.

98. Defendant John Does 1- 10 of Madison County Sheriff's Department of conduct in arresting Plaintiff and seizing his legal business inventory in front of his minor child, despite his offer to provide documentation of their legality, and then prolonging his detention for four hours was extreme and outrageous.

99. Defendants Defendant John Does 1- 10 of Madison County Sheriff's Department intended to cause, or acted with reckless disregard for causing, severe emotional distress to Plaintiff and his family by treating his legitimate business as criminal activity.

100. As a direct result, Plaintiff and his son have suffered severe emotional distress, and Plaintiff continues to live in fear of conducting his lawful business operations.

### COUNT X – State Law Claim
### Interference with Business Relations
### (Against All Defendants)

101. Plaintiff incorporates each preceding paragraph as if fully restated herein.

102. Defendants John Does unlawful arrest and seizure of Plaintiff's business inventory has interfered with his established business relationships with retail customers who depend on his hemp distribution services.

103. The prolonged detention of his inventory has prevented Plaintiff from fulfilling orders and maintaining his business reputation, causing substantial economic harm.

### **PRAYER FOR RELIEF**

104. WHEREFORE, Plaintiff respectfully requests that this Court:

105. Award compensatory damages for financial losses, business harm, emotional distress, and other damages suffered;

106. Award punitive damages against individual defendants to punish their misconduct and deter similar violations of hemp business operators' rights;

107. Grant immediate injunctive relief requiring the return of Plaintiff's lawfully possessed business inventory;

108. Grant prospective injunctive relief restraining Defendants from seizing, confiscating, or interfering with Plaintiff's lawful transportation and distribution of legal hemp products that comply with federal hemp laws;

109. Grant declaratory relief establishing Plaintiff's right to lawfully possess, transport, and distribute hemp products that meet federal compliance standards without harassment or interference from Defendants;

110. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

111. Grant such other relief as the Court deems just and proper.

### **JURY DEMAND**

112. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted, Nov 11, 2025

/s/ Hakeem Muhammad
Hakeem Muhammad
Muhammad Law Center 1
10846 South Halsted C
Chicago, IL 60628
*Attorneys for Plaintiffs*